USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

GO NEW YORK TOURS, INC.,

              Plaintiff,

-against-

19-cv-02832 (LAK)

GRAY LINE NEW YORK TOURS, INC., TWIN
AMERICA, LLC, SIGHTSEEING PASS LLC, BIG BUS
TOURS GROUP HOLDINGS LIMITED, BIG BUS TOURS
GROUP LIMITED, BIG BUS TOURS LIMITED, OPEN
TOP SIGHTSEEING USA, INC., TAXI TOURS, INC.,
LEISURE PASS GROUP HOLDINGS LIMITED, LEISURE
PASS GROUP LIMITED, LEISURE PASS GROUP, INC.,

              Defendants.

------------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

       The Court previously dismissed plaintiff's Sherman Act § 1 claim because the first amended complaint failed to allege the necessary "plus factors" amounting to a horizontal conspiracy between defendants. The second amended complaint, which is virtually identical in relevant part, contains no new allegations that cure this defect. The claim is dismissed with prejudice.

       Plaintiff has abandoned the previously dismissed Sherman Act § 2 claim by not asserting it in the second amended complaint. Thus, the Court does not reach this claim.

       The remaining claims in this action, all of which previously were dismissed under Rule 12(b)(6) or withdrawn by plaintiff, arise under New York law. The only jurisdictional basis plaintiff asserts for these claims is supplemental jurisdiction.[1] Other than the previous motion, there have been no substantial proceedings in this case. No useful purpose would be served by retaining the state law claims.

---

[1]     The complaint cites to 28 U.S.C. § 1337, which does not confer supplemental jurisdiction. Dkt. 84 at 6. The Court presumes this is a clerical error and plaintiff intended to refer to 28 U.S.C. § 1367.

The motion to dismiss [DI-87] is granted to the extent that the federal claims are dismissed with prejudice.[2] The Court exercises its discretion to dismiss the remaining state law claims for lack of supplemental jurisdiction.

SO ORDERED.

Dated: March 4, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[2] Defendants have consented to personal jurisdiction by opting not to renew their motion to dismiss on that ground, which the Court previously denied as moot. *See* Dkt. 88 at 3 n.3 ("The [so-called] Foreign Defendants are not filing a renewed motion to dismiss the [second amended compliant] on jurisdictional grounds . . . ."); *see also* Fed. R. Civ. P. 12(h)(1) (stating that a defense under Rule 12(b)(2) is waived when a party fails to assert it in a responsive pleading).