20-1022-cv
*Go New York Tours, Inc. v. Gray Line New York Tours, Inc., et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty.

PRESENT: JOSÉ A. CABRANES,
MICHAEL H. PARK,
WILLIAM J. NARDINI,
*Circuit Judges.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan 13 2021
```

GO NEW YORK TOURS, INC.,

      *Plaintiff-Appellant,*     20-1022-cv

      v.

GRAY LINE NEW YORK TOURS, INC., TWIN AMERICA, LLC, SIGHTSEEING PASS LLC, BIG BUS TOURS GROUP HOLDINGS LIMITED, BIG BUS TOURS GROUP LIMITED, BIG BUS TOURS LIMITED, LEISURE PASS GROUP HOLDINGS LIMITED, LEISURE PASS GROUP LIMITED, LEISURE PASS GROUP, INC., OPEN TOP SIGHTSEEING USA, INC., TAXI TOURS, INC.,

      *Defendants-Appellees,*

BIG BUS LLC,

      *Defendant.*[*]

---

[*] The Clerk of Court is respectfully directed to amend the official caption as listed above.

1

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | MAURICE NEWMARK ROSS, Randall L. Rasey, Barton LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | JUSTIN EPNER, Jonathan M. Jacobson, Wilson Sonsini Goodrich & Rosati, Washington, D.C., New York, NY; Michael Lacovara, Virginia F. Tent, Sindhu Boddu, Latham & Watkins LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Go New York Tours, Inc. ("Go New York" or "Plaintiff"), a tour-bus company, appeals the District Court's dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of Plaintiff-Appellant's Second Amended Complaint ("Complaint") against two competitors and related companies, Defendants-Appellees Gray Line New York Tours, Inc, Twin America, LLC, and Sightseeing Pass LLC (together "Gray Line"), and Defendants-Appellees Big Bus Tours Group Holdings Limited, Big Bus Tours Group Limited, Big Bus Tours Limited, Open Top Sightseeing USA, Inc., Taxi Tours, Inc., Leisure Pass Group Holdings Limited, Leisure Pass Group Limited, and Leisure Pass Group, Inc. (together "Big Bus") (Defendants-Appellees collectively, "Defendants"). Plaintiff alleges that Defendants, in violation of Section 1 of the Sherman Antitrust Act of 1890 ("Sherman Act"), 15 U.S.C. § 1 *et seq.*,[1] conspired to persuade or coerce tourist attractions to refuse or withdraw from trade partnership agreements with Go New York to offer multi-attraction passes.[2] The District Court held that Go New York failed to state a claim under the Sherman Act because it did not plausibly allege the existence of an anticompetitive agreement between the Defendants.[3] Go

---

[1] Section 1 of the Sherman Act makes illegal "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 1.

[2] Multi-attraction passes are sightseeing passes that permit the bearer entrance to multiple tourist attractions for a single, discounted price. *See, e.g.*, App'x at 58-59 (Complaint, ¶ 40).

[3] Go New York also brought state-law claims for antitrust violations, unfair competition, tortious interference with contract, and tortious interference with prospective business relations. Having dismissed the Sherman Act claims, the District Court declined to exercise supplemental jurisdiction over the state-law claims.

2

New York argues on appeal that the District Court improperly applied an unduly restrictive version of the "plausibility" pleading standard established by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), "accept[ing] all factual allegations as true and draw[ing] every reasonable inference from those facts in the plaintiff's favor." *Mayor & City Council of Baltimore, v. Citigroup, Inc.*, 709 F.3d 129, 135. (2d Cir. 2013). To survive a motion to dismiss, a complaint must plausibly plead a claim to relief—i.e., allege facts that do more than "create[] *a suspicion* [of] a legally cognizable right of action," *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555) (second alteration in original), and "raise a right to relief above the speculative level," *Mayor & City Council of Baltimore*, 709 F.3d at 135 (quoting *Twombly*, 550 U.S. at 555), such that a court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Anderson News*, 680 F.3d at 182 (quoting *Iqbal*, 556 U.S. at 678).

To adequately plead a conspiracy under Section 1 of the Sherman Act, a plaintiff must allege facts from which it can be inferred that the anticompetitive conduct "stem[s] from … an agreement, tacit or express" and not from "independent decision." *Id.* (quoting *Twombly*, 550 U.S. at 553). Where, as here, the plaintiff does not allege direct evidence of an agreement, the plaintiff may adequately plead a Section 1 claim by making "allegations of interdependent conduct [by the conspirators], accompanied by circumstantial evidence and plus factors." *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 781 (2d Cir. 2016) (quotation marks omitted). "'[P]lus factors' may include: a common motive to conspire, evidence that shows that the parallel acts were against the apparent individual economic self-interest of the alleged conspirators, and evidence of a high level of interfirm communications." *Mayor & City Council of Baltimore*, 709 F.3d at 136.

Go New York has failed to plead a Section 1 Sherman Act claim against Defendants because it has not alleged the existence of sufficiently powerful "plus factors" to "raise [Plaintiff's] right to relief above the speculative level." *Id.* at 135.[4] To be sure, Go New York has adequately pled the existence of one "plus factor," namely a motive to conspire. Go New York alleges that it "disrupted" the New York hop-on-hop-off bus tour market by charging substantially lower prices than Defendants for roughly comparable services. Taking those allegations as true, it is reasonable to infer that Defendants had a shared interest in protecting their comparatively high prices by minimizing Go New York's market share. It is objectively rational for Defendants to make *joint*

---

[4] It is unclear what conduct Go New York means to identify as "interdependent" or "parallel" action by Defendants. We assume Go New York relies on Defendants' alleged use of economic pressure and disparagement to discourage tourist attractions from dealing with Go New York.

3

efforts to defame Plaintiff and to pressure tourist attractions not to deal with Plaintiff, since such joint efforts are presumably more likely to succeed than separate ones. Nonetheless, the motive to conspire is not here so obvious or compelling that it suffices to create more than a "*suspicion* [of] a legally cognizable right of action." *Anderson News*, 680 F.3d at 182 (quoting *Twombly*, 550 U.S. at 555) (alteration in original). Defendants' allegedly anticompetitive acts would have been objectively rational even if done independently of one another, and Plaintiff pleads no facts suggesting that they in reality "stem[med] from … an agreement." *Id.* (quoting *Twombly*, 550 U.S. at 555).

We disagree with Go New York's assertion that it has pleaded a second "plus factor" by alleging that the tourist attractions acted against their economic self-interest in boycotting Go New York. The "actions against self-interest" plus factor relates specifically to the interdependent or parallel actions by the *alleged conspirators*, rather than third parties like the tourist attractions. *See Mayor & City Council of Baltimore*, 709 F.3d at 136 ("'[P]lus factors' may include … evidence that shows that the parallel acts were against the apparent individual economic self-interest of *the alleged conspirators* ….") (internal citation and quotation marks omitted, emphasis added).[5] Here, Go New York does not plead that Defendants took any actions against their own economic self-interest.[6] Because Go New York has failed to state a claim under Section 1 of the Sherman Act, we affirm the judgment of the District Court.

## CONCLUSION

We have reviewed all of the arguments raised by Go New York on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 6, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[5] It makes sense to consider only the antitrust defendants' alleged conduct, because "plus factors" are allegations supporting the inference that *defendants* acted pursuant to an agreement. When a business acts contrary to its ostensible economic self-interest, it may be reasonable to infer that it is acting in concert with others.

[6] Go New York's allegations regarding actions against self-interest by the tourist attractions may support the inference that the Defendants *in fact* influenced the attractions' behavior, but they do not support the inference that Defendants *conspired* to do so.